# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA PADILLA,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE CLOUD INVESTMENT HOLDINGS LLC,<br><br>    Defendant. | Case No. 1:24-cv-00292-KES-SKO<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On February 1, 2024, Plaintiff Veronica Padilla commenced this action in Tulare County Superior Court asserting claims under the California Labor Code and a related claim for wrongful termination. (Doc. 1 at 12–33.) On March 8, 2024, Defendant Blue Cloud Investment Holdings, LLC removed this action to federal court based on diversity of citizenship under 28 U.S.C. §1332. (Doc. 1.)

For the following reasons, the Court finds Defendant's Notice of Removal to be deficient and orders Defendant to show cause why this action should not be remanded to Tulare County Superior Court.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to

1

be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citations omitted); *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.   ANALYSIS

In order to invoke this Court's diversity jurisdiction, Defendant must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); 28 U.S.C. § 1332. "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "Federal courts look only to a plaintiff's pleadings to determine removability." *Id.* (citing *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). "Diversity is generally determined from the face of the complaint." *Id.* (citation omitted). "Absent unusual circumstances, a party seeking to invoke

diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Defendant has failed to meet its burden of demonstrating there is complete diversity of citizenship. As the Notice of Removal recognizes, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id*. Here, while Notice of Removal identifies the sole owner of Defendant as "Blue Cloud Surgery Centers LLC," and the two members of Blue Cloud Surgery Centers LLC as "Benson Parent, LLC and Devin Larsen," it does not identify the owners or members of Benson Parent, LLC. The Notice of Removal simply states that Benson Parent LLC "is a Delaware-based company with a principal place of business in Glen Rock, Pennsylvania." (Doc. 1 at 5.) Accordingly, Defendant has failed to meet its burden to establish this Court's jurisdiction. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x. 62, 64–65 (9th Cir. 2011) (noting that if a member of an LLC is a limited partnership or LLC, defendants must also identify the citizenship of each member of that limited partnership or LLC).

### III.   CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant show cause why this action should not be remanded to Tulare County Superior Court. Defendant has **fourteen (14) days from the date this Order is issued** to demonstrate why diversity jurisdiction exists. Defendant must submit competent proof establishing diversity. *See Harris v. Rand*, 682 F.3d 846, 851–52 (9th Cir. 2012) ("[T]he district court may properly require a party asserting federal subject matter jurisdiction to establish its jurisdictional allegations by competent proof.").

Plaintiff thereafter has **ten (10) days from the date of service of Defendant's filing** to file a response, she so chooses. Should Defendant fail to file a response to this Order to Show

//
//
//

3

Cause, the undersigned will recommend to the assigned district judge that the case be remanded *sua sponte* without further notice to the parties.

IT IS SO ORDERED.

Dated:   **March 5, 2025**                              /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE